# UNITED STATES DISTRICT COURT

for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| Lynda Mercer | ) | |
| *Plaintiff* | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.  3:16CV-306-JHM |
| | ) | |
| Portfolio Recovery Associates, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporation Service Company | ) | |
| 2711 Centerville Road, Suite 400 | ) | |
| Wilmington, DE 19801 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and for abuse of process.

2.      Defendant Portfolio Recovery Associates, LLC ("PRA") violated the FDCPA by moving for default judgment against Ms. Mercer *after* PRA's counsel had received Ms. Mercer's answer and Ms. Mercer's motion to compel arbitration.

### JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Ms. Mercer asks this Court to take supplemental jurisdiction of Ms. Mercer's related state-claim of abuse of process under 28 U.S.C. § 1367.

### PARTIES

4.      Plaintiff Lynda Mercer is a natural person who resides in Jefferson County, Ky. Ms. Mercer is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.      Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6.      PRA buys charged-off debt for pennies on the dollar and regularly collects or

attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7.      On January 21, 2016, PRA brought suit against Ms. Mercer in Jefferson District Court of Jefferson County, Kentucky, Case Number 16-C-001005, to collect a charged-off credit card debt originated by Synchrony Bank branded as a Walmart charge card.

8.      Upon information and belief, the Walmart charge card was used solely for personal, family, and household purposes, which makes the Walmart charge card a "debt" within the meaning of the FDCPA.

9.      PRA served Ms. Mercer with a copy of the summons and complain on January 28, 2016.

10.      On February 17, 2016, Ms. Mercer, *pro se*, filed and served on PRA's counsel a timely answer and counterclaim to PRA's complaint along with a motion to compel arbitration.

11.      Ms. Mercer served her answer on PRA's counsel by certified mail.

12.      According to USPS tracking, the postal service delivered Ms. Mercer's answer and motion to compel arbitration on February 22, 2016.

13.      On March 2, 2016, the Jefferson District Court denied Ms. Mercer's motion to compel arbitration.

14.      Upon information and belief, the Jefferson District Court Clerk sent PRA's counsel a copy of the order denying Ms. Mercer's motion to compel arbitration.

15.      On March 31, 2016, Ms. Mercer, by counsel, filed a notice of appeal from the Jefferson District Court's order denying Ms. Mercer's motion to compel arbitration.

16.      Counsel served a copy of the notice of appeal on PRA's counsel by U.S. mail, postage prepaid sent on March 31, 2016.

17.      On April 5, 2016, PRA filed a motion for default judgment against Ms. Mercer in Jefferson District Court Case # 16-C-001005.

18.      PRA's motion for default judgment was an attempt to collect a "debt" from Ms. Mercer within the meaning of the FDCPA.

19.      PRA's motion for default judgment falsely represented that Ms. Mercer had "failed to answer or otherwise plead, within the time allowed by law."

20.      PRA's certificate for default judgment further falsely represented that "No papers

have been served on Plaintiff's counsel by Defendant in default."

21.     Because Ms. Mercer had filed and served a timely answer on PRA, PRA had no legal right to ask for or receive a default judgment against Ms. Mercer. Ky. R. Civ. P. 55.01 ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply to the court therefor.").

22.     On April 15, 2016, Ms. Mercer, by counsel, filed a timely response to PRA's motion for default judgment.

23.     On May 18, 2016, the Jefferson District Court entered an order denying PRA's motion for default judgment.

24.     PRA violated the FDCPA by falsely representing the status of the Synchrony Bank/Walmart debt, by taking an action to collect the Synchrony Bank/Walmart debt that PRA could not legally take to collect the debt, and by serving the motion for default judgment on Ms. Mercer instead of upon her counsel in the case.

## Claims for Relief:

### I.     Violations of the Fair Debt Collection Practices Act

25.     The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692e, and 15 U.S.C. § 1692f.

### II.     Abuse of Process

26.     PRA has a pattern and practice of filing motions for default judgment after a defendant has appeared in a state-court collection action.

27.     PRA moved for default judgment against Ms. Mercer for the ulterior purpose of obtaining an improper default judgment against her.

28.     PRA's motion for default judgment was not proper because Ms. Mercer had filed and served an answer on PRA's counsel. *See* Ky. R. Civ. P. 55.01

29.     PRA willfully and intentionally moved for default judgment against Ms. Mercer when it was on plain notice that Ms. Mercer had filed and served an answer in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lynda Mercer requests that the Court grant her the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff maximum statutory damages;

3.      Punitive damages;

3.      Award Plaintiff reasonable attorney's fees and costs;

4.      A trial by jury; and

5.      Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Unit #4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com